The Philadelphia Housing Authority, Petitioner
*v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*James M. DeLeon*, for petitioner.

*Charles G. Hasson*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 14, 1982:

Robert Jeter, Jr., was employed as a sergeant with the Housing Police of the Philadelphia Housing Authority (PHA) on June 22, 1979 when he engaged in conversation with fellow employees at the site of a work stoppage of the housing police unit. Several days later, PHA notified Jeter by letter that he was discharged for "engaging in, inducing or encouraging PHA Housing Police Patrolmen to strike, beginning June 21, 1979, and/or because of [his] actions in threatening and coercing or restraining employees of the Philadelphia Housing Authority, and members of the public. . . ."

Jeter applied for unemployment compensation benefits and a referee affirmed the Office of Employment Security's denial of benefits, finding that Jeter had as charged threatened other employees during a strike.

The referee concluded that this was willful misconduct rendering Jeter ineligible for benefits under §402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). The Board reversed on the ground that there was no credible evidence of record that Jeter had threatened other employees. Neither the referee nor the Board mentioned the subject of whether Jeter had engaged in, induced or encouraged a strike, the alternative asserted ground for his discharge.

PHA does not challenge the Board's conclusion that the record does not support a finding that Jeter had threatened other employees; it contends that the Board should have found that Jeter participated in an illegal strike. Taking part in an unlawful work stoppage or strike constitutes willful misconduct. *Unemployment Compensation Board of Review v. National Aluminum Co.*, 22 Pa. Commonwealth Ct. 519, 349 A.2d 527 (1975).

While there is testimony in the record relating to the fact that some members of the PHA police unit were engaged in a work stoppage, there is no evidence that the work stoppage was illegal (indeed the letter discharging Jeter does not describe the strike he was alleged to be involved in as illegal). More importantly, there is no evidence that Jeter was engaged in, or induced or encouraged others to engage in the work stoppage—indeed, all of the evidence was to the contrary. There was no reason, therefore, for the compensation authorities to mention this subject, much less make it a point of decision.

Order affirmed.

### ORDER

AND Now, this 14th day of April, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.